IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **BERNARD L. SMITH,** | ) | 1:04-CV-5813 OWW WMW |
| Petitioner, | ) ) | ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS |
| vs. | ) ) | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS,** | ) ) ) ) | |
| Respondent. | ) ) ) ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of mandamus. In this petition, Petitioner seeks an order compelling the California Department of Corrections to release him immediately.

The federal mandamus statute provides: "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when (1) the

plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citations omitted).

Mandamus relief is only available to compel an officer of the United States to perform a duty; federal courts are without the power to issue mandamus to direct state courts or their judicial officers in the performance of their duties. A petition for mandamus to compel a state court to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161-72 (9th Cir.) (imposing no filing in forma pauperis order), *cert. denied*, 111 S.Ct. 1082 (1991); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982).

In this case Petitioner seeks an order from this court compelling a California state government authority to perform a particular action. Under the authorities set forth above, this court lacks jurisdiction to do so.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) This petition for writ of mandamus is DISMISSED for lack of jurisdiction;

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **March 7, 2008**          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE